**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —   X

Angela Colon,                                                                    :

                                  Plaintiff,      :

              against                               :

                                              :

Bradley Wolfset, Andrea Binder, Nalea Realty Corp.,   :
2230 University Avenue LLC, D.B.W. Property
Associates, Inc., and the New York City Housing          :
Authority
                                            :

                                Defendants.

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — — — —   X

Docket No.: _____

**COMPLAINT**

JURY TRIAL DEMANDED

Angela Colon, by and through her attorneys, Bronx Legal Services, for her Complaint against Bradley Wolfset, Andrea Binder, Nalea Realty Corp., 2230 University Avenue LLC D.B.W. Property Associates, Inc., and the New York City Housing Authority (NYCHA), alleges:

## PRELIMINARY STATEMENT

1.      This is an action based on a claim of discrimination against Plaintiff Angela Colon under the Fair Housing Amendments Act of 1988, §§ 6, 15, 42 U.S.C. § 3604(f), and for substantial and related claims for housing discrimination under Section 296(5)(a)(1)-(2) of the New York State Human Rights Law ("NYSHRL") and Section 8-107(5)(a)(1) New York City Human Rights Law ("NYCHRL"), all arising from Defendants' source of income and disability discrimination against Plaintiff.

2.      Ms. Colon is a 48-year-old tenant of a rent-stabilized apartment in the Bronx, New York where she has lived for over 23 years. Ms. Colon is a domestic violence and breast cancer survivor, who suffers from anxiety, depression, fibromyalgia, lupus, and heart irregularities. To assist her in day-to-day activities, she has a home attendant who is present for

seven hours a day every day. Her 19-year-old son lives with Ms. Colon, and her daughter visits multiple times a week.

3.      For much of her tenancy, Ms. Colon held a voucher administered by the NYC Human Resources Administration (HRA) that allowed her to pay an income-based subsidized rent. When her son became an adult, she lost her eligibility for the program. In 2022, Ms. Colon was approved for a New York City Housing Authority (NYCHA) Section 8 voucher after having been on a waiting list for over 20 years. She was elated to be accepted for Section 8 and was eager to get her voucher linked to her apartment so she could afford her rent. She soon learned to her horror that her landlord was rejecting her Section 8 voucher. Her landlord insulted her by insisting she is incapable of complying with Section 8 rules due to her disabilities. Ms. Colon tried to work with her landlord and took steps to convince it to accept her voucher, but her landlord kept moving the goalposts, eventually revealing that there was nothing she could do for it to accept her voucher.

4.      Ms. Colon has continued to try to make monthly payments despite being on a fixed income and having to choose between food and her rental obligations. Ms. Colon is now behind on rent due to her landlord's refusal to accept her Section 8 voucher, putting her apartment and voucher at risk. The rejection of Ms. Colon's Section 8 voucher has caused her great emotional, mental, and physical distress. She has felt anxious that she may become homeless and frustrated that the landlord is holding her disability against her. The threat of a housing case and consequences on her housing record, being evicted, and losing her Section 8 voucher are devastating outcomes for Ms. Colon that she should not have to risk.

5.      Ms. Colon now brings this case against Defendants for declaratory and injunctive relief and compensatory and punitive damages incurred because of the Defendants' unlawful

acts. These prohibited acts include Defendants' unlawful discrimination against Plaintiff's disabilities or perceived disabilities, refusal to accept Plaintiff's housing voucher to pay for housing accommodations that she has otherwise qualified for, unlawful statements that expressed limitations on lawful sources of income that she would be willing to accept for such housing accommodations, and the maintenance of discriminatory application policies that have a disparate impact on applicants with disabilities and applicants who receive public assistance.

## JURISDICTION

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Fair Housing Amendments Act of 1988, §§ 6, 15, 42 U.S.C. § 3604(f). This court further has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

8.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim that occurred in this district.

## PARTIES

9.      Angela Colon is the tenant at 2230 University Ave, 6H, Bronx, NY 10453, where she has resided for over 23 years pursuant to a written lease agreement with Nalea Realty Corporation.

10.     Bradley Wolfset is the registered managing agent for Nalea Realty Corp. and Chief Executive Officer for D.B.W. Property Associates, Inc. Bradley Wolfset is an individual who works at 3211 Bainbridge Avenue, Bronx, NY 10467.

11.     Andrea Binder is the Chief Executive Officer for Nalea Realty Corp. Andrea Binder is an individual who works at 375 Sylvan Ave. Suite 38, Englewood Cliffs, NJ, 07632.

12.     Nalea Realty Corp. is a corporation that is incorporated in New Jersey and has its principal place of business at 375 Sylvan Ave. Suite 38, Englewood Cliffs, NJ, 07632. Nalea Realty Corp. owns the property at 2230 University Ave., 6H, Bronx, NY 10453. This entity has described itself as the owner and landlord in court filings.

13.     2230 University Avenue LLC is a corporation that is incorporated in New Jersey and has its principal place of business at 33 Stephens Drive, Englewood Cliffs, NJ, 07632. 2230 University Avenue LLC owns the property at 2230 University Ave., 6H, Bronx, NY 10453. This entity appears on the deed and has described itself as the owner and landlord in court filings.

14.     D.B.W. Property Associates, Inc. is a corporation that is incorporated in New York and its principal place of business is at 3211 Bainbridge Avenue, Bronx, NY 10467. D.B.W. Property Associates, Inc. is a management company that is contracted with Nalea Realty Corp. to manage its properties, including 2230 University Avenue, Bronx, NY 10453.

15.     Defendant New York City Housing Authority ("NYCHA") is a body corporate and politic established by the New York State Legislature, as set forth in § 401 of the N.Y. Public Housing Law. NYCHA maintains its principal place of business at 90 Church St, New York, NY 10007.

## STATUTORY AND REGULATORY SCHEME

### I.     THE FAIR HOUSING ACT

16.     The Fair Housing Act prohibits discrimination in the sale or rental of housing, exempting only single-family dwellings and owner-occupied buildings containing less than five units. 42 U.S.C. §§ 3603, 3604.

17.     In 1988, Congress amended the Fair Housing Act to bar discrimination against people with disabilities. The amendment provides that it shall be unlawful:

(f)(1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of --

(A) that buyer or renter;

* * * *

(f)(2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of --

(A) that person; or

* * * *

(f)(3) For purposes of this subsection, discrimination includes --

* * * *

(B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling . . .

42 U.S.C. § 3604.

18.     The Fair Housing Act defines "handicap" as "a physical or mental impairment which substantially limits one or more of such person's major life activities, a record of having such an impairment, or being regarded as having such an impairment. . ." 42 U.S.C. § 3602(h). This definition mirrors the definition of an "individual with a disability" as outlined in Section 504 of the Rehabilitation Act of 1973 which states "a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment…" 20 U.S.C. § 705(20)(A)(i).

## II.     NEW YORK STATE HUMAN RIGHTS LAW

19.     The NYSHRL recognizes the invidious threat posed by unlawful discrimination, declaring that New York State, "has the responsibility to act to assure that every individual

within this state is afforded an equal opportunity to enjoy a full and productive life," free of

"discrimination, prejudice, intolerance," and other barriers to equal opportunity. NYSHRL §

290(3). The NYSHRL also created the New York State Division of Human Rights to help

"eliminate and prevent discrimination in [inter alia,] housing accommodations . . . [.]" Id.

20.     To ensure that its critical objectives are satisfied, the New York Legislature (the

"Legislature") modified the NYSHRL in 2019 to provide:

> The provisions of this article shall be construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed. Exceptions to and exemptions from the provisions of this article shall be construed narrowly in order to maximize deterrence of discriminatory conduct.

NYSHRL § 300; *see also* NY LEGIS 160 (2019), 2019 Sess. Law News of N.Y. Ch. 160 (A.

8421) (McKinney's).

21.     Consistent with these principles, the NYSHRL prohibits discrimination on the

basis of

> "lawful source of income" which includes any form of federal, state, or local public assistance or housing assistance including, but not limited to, Section 8 vouchers, or any other form of housing assistance payment or credit whether or not such income or credit is paid or attributed directly to a landlord[.]

 NYSHRL § 292(36).

22.     Further, NYSHRL prohibits discrimination on the basis of "disability" which

includes

> physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or a record of such an impairment or a condition regarded by others as such an impairment. . .

NYSHRL § 292(21)(a)–(c).

23. The NYSHRL allows persons who have been discriminated against to bring a cause of action in "any court of appropriate jurisdiction." NYSHRL § 297(9). Victims of housing discrimination in violation of the NYSHRL may seek punitive damages, compensatory damages, and attorneys' fees. NYSHRL §§ 297(9)– (10).

III.    NEW YORK CITY HUMAN RIGHTS LAW

24.    Section 8-107 of the Administrative Code of New York City prohibits any "owner, lessor, lessee, sublessee, assignee, or managing agent of, or other person having the right to . . . rent . . . or approve the . . . rental . . . of a housing accommodation . . . or any agent or employee thereof," from "refus[ing] to sell, rent, lease … or otherwise deny … housing accommodation … because of the actual or perceived race, creed, color, national origin, gender, age, disability, sexual orientation, marital status, partnership status, or alienage or citizenship status … or because of any lawful source of income" of a person, and from "discriminat[ing] against any such person or persons in the terms, conditions or privileges of the sale, rental or lease of any such housing accommodation or an interest therein or in the furnishing of facilities or services in connection therewith." NYCHRL § 8-107(1)(5)(a)(1).

25.    Moreover, Section 8–107 of the Administrative Code also prohibits "any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified, or assisted in any proceeding under this chapter…" NYCHRL § 8-107(7).

26.    Section 8–107 of the Administrative Code also prohibits

any person prohibited by the provisions of this section from discriminating on the basis of disability not to provide a reasonable accommodation to enable a person with a disability… to enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity.

NYCHRL § 8-107(15)(a).

27.     Furthermore, the NYCHRL provides that "[a]n employer shall be liable for an unlawful discriminatory practice based upon the conduct of any employee or agent" who violates the NYCHRL. NYCHRL § 8-107(13)(a).

28.     The Administrative Code defines the term "lawful source of income" as inclusive of "income derived from social security, or any form of federal, state or local public assistance or housing assistance including Section 8 vouchers." NYCHRL § 8-102(25). As set forth herein, Plaintiff's income is derived from housing assistance issued by NYCHA Section 8.

29.     The Administrative Code defines the term "disability" as inclusive of "any physical, medical, mental or psychological impairment, or a history or record of such impairment." NYCHRL § 8-102(16); N.Y.C. Admin. Code § 8-107(5)(a)(1).

30.     The City Council has repeatedly affirmed its intent that the NYCHRL be interpreted broadly. In 2005, the City Council passed the Local Civil Rights Restoration Act of 2005 (the "Restoration Act") which instructed courts to construe the NYCHRL even more broadly than and "independently from similar or identical provisions of New York state or federal statutes." New York City, N.Y., Local Law No. 85 Int. No. 22-A (2005). The Restoration Act further instructs:

> Interpretations of New York state or federal statutes with similar wording may be used to aid in interpretation of the New York City Human Rights Law, viewing similarly worded provisions of federal and state civil rights laws as a floor below which the City's Human Rights Law cannot fall, rather than a ceiling above which the local law cannot rise.

*Id.*

31.     In 2016, the City Council amended Section 8-130 of the NYCHRL to "maximize

8

deterrence of discriminatory conduct" and ensure that any exceptions to the law be construed "narrowly." *See* New York City, N.Y., Local Law No. 35 Int. No. 814-A (2016); *see also* NYCHRL § 8-130.

32.     Section 8-502 of the Administrative Code provides: "[An]y person claiming to be aggrieved by an unlawful discriminatory practice as defined in chapter one of this title … shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages, and for injunctive relief and such other remedies as may be appropriate…" NYCHRL § 8-502(a). A court may also award plaintiff attorney's fees, expert fees, and other costs where appropriate. NYCHRL § 8-502(g).

## FACTS

33.     Angela Colon is 48 years old and resides with her adult son at 2230 University Ave, 6H, Bronx, NY 10453. She has resided in this rent-stabilized apartment for over 23 years.

34.     Under rent stabilization law, tenants have the statutory right to renew their leases and are protected from rent increases beyond statutorily prescribed allowances. N.Y. Comp. Codes R. & Regs. tit. 9 § 2523.5(a); § 2522.4.

35.     Ms. Colon is a domestic violence and breast cancer survivor, who suffers from anxiety, depression, fibromyalgia, lupus, and heart irregularities. She has a home attendant who is present for seven hours a day every day.

36.     Ms. Colon was previously represented by Bronx Legal Services in a nonpayment proceeding brought by Defendant Nalea Realty Corp. *Nalea Realty Corp. v. Angela Colon, et al.,* Index No. L&T 061986-BX/2022 (Civ. Ct., Bronx Cnty.).

37.     For much of her tenancy, Ms. Colon held a voucher administered by the NYC Human Resources Administration (HRA) that allowed her to pay an income-based subsidized

rent. However, she no longer qualifies for a subsidy because her children aged out of the program.

38.     Ms. Colon receives Supplemental Security Income ("SSI") benefits by virtue of her disabilities and cash assistance from the New York City Human Resources Administration on behalf of her son. In total, her household receives $1,044.00 per month.

39.     On or about May 12, 2022, Ms. Colon was approved for a  Section 8 voucher after being on the waiting list for over 20 years.

40.     In May 2022,  Ms. Lerner emailed Ita Flug, Defendants' counsel in the nonpayment proceeding, that Ms. Colon had been approved and asked her to advise her client on how to process the voucher. In response, Ms. Flug informed Ms. Lerner to communicate with Defendant Wolfset directly regarding the voucher. Defendant Wolfset spoke to Ms. Lerner bypassing his counsel often.

41.     Roughly a month later, Ms. Lerner spoke with Defendant Wolfset, who said that Defendants would not accept Section 8 due to her disabilities. He said that Defendants did not believe that Ms. Colon would comply with the requirements of the Section 8 program in the future, including but not limited to her obligation complete lease renewals and recertifications, and to cooperate with inspections by NYCHA.

42.     Ms. Lerner spoke with Defendant Wolfset, who insisted that Ms. Colon obtain a "guarantor" to ensure Section 8 compliance in the future.

43.     In August 2022, Ms. Lerner emailed Ms. Flug a proposed guarantor agreement, where Ms. Colon's daughter, Cristina Colon, would act as a guarantor for the apartment. The guarantor agreement stated that Cristina Colon would: "guarantee payment of Ms. Colon's

section 8 tenant share, as well as compliance with the non-financial terms of the lease and

section 8 obligations, including recertifications and lease renewals."

44.    Defendants ultimately rejected this proposed agreement and continued to refuse to

accept Ms. Colon's Section 8 voucher.

45.    Soon after, Cristina Colon, emailed Defendant Wolfset pleading that he cooperate

with accepting Ms. Colon's Section 8 voucher as Defendants' refusal was causing her severe

mental distress.

46.    In late August 2022, Ms. Lerner spoke with Ms. Flug, who stated the landlord

wanted an additional individual added to the lease itself to assume responsibility for the rent.

Such an arrangement would violate Section 8 regulations limiting the household to individuals

who primarily reside in the subject apartment. Even though a guarantor was originally

Defendants' idea, Defendants were no longer willing to accept a guarantor on behalf of Ms.

Colon.

47.    That same day, Defendant Wolfset, emailed Ms. Lerner, following up on Cristina

Colon's email stating,

> As Angela Colon's attorney, I highly suggest you make the appropriate referral to
> 311. I spoke with the director of Comunilife and was told that the referral to them
> is made by way of a 311 referral. Clearly, your client has substantial mental health
> issues, and there are numerous NGOs with NYC contracts in place for just this
> reason. Ms. Colon needs help, and it is available. All you need to do as her attorney,
> is ask for it. Ms. Colon does not possess the capacity to engage in a NYCHA HAP
> contact relationship ALONE. She needs the resources that are provided free of
> charge from the numerous NGOs available to her.

48.    The next week, Defendant Wolfset spoke with Roland Nimis, a supervising

attorney at Bronx Legal Services. Mr. Nimis asked again whether Defendants would accept Ms.

Colon's Section 8 voucher. Defendant Wolfset responded by alleging Ms. Colon is mentally

unstable and that he would not accept her voucher.

49.    A few days later, Mr. Nimis again spoke with Defendant Wolfset who insisted that Ms. Colon could not follow NYCHA's requirements and reiterated she must utilize an "NGO."

50.    At the beginning of September 2022, Mr. Nimis emailed Ms. Flug trying to reach an agreement regarding the issues of both parties concerning the acceptance of Ms. Colon's Section 8 voucher.

51.    That same day, Cristina Colon spoke with Defendant Wolfset, who confirmed that Ms. Colon's disability and Defendants' general antipathy towards Section 8 were the reasons that Defendants were refusing to accept her voucher.  He specifically stated,

> In order for me to take on a Section 8 tenant, the tenant has to be super cooperative and super on top of their stuff, otherwise I end up getting killed. . . . I have been on the phone for an hour and a half today with 311 trying to get a mental health referral for your mother. . . . If anyone discriminates it's Section 8. They discriminate against landlords. Landlords are the ones that get screwed, and tenants can do anything they want.

52.    Defendant Wolfset emailed Cristina Colon a list of supportive housing referral organizations from the Center for Urban Community Services (CUCS), asserting that Ms. Colon should be placed in supportive housing because of her perceived disabilities and his building's lack of willingness to continue housing her.

53.    A couple of weeks later, Defendant Wolfset followed up with Cristina Colon to urge that Ms. Colon get a psychological and psychiatric evaluation so that she could move out of the apartment and into supportive housing.

54.    Defendant Wolfset continues to refuse to accept Plaintiff Colon's Section 8 voucher. This has resulted in the voucher almost expiring twice. NYCHA generally limits extensions to 120 days, and the current extension is until March 8, 2023.

55.    Ms. Colon has qualified for a Section 8 voucher at all relevant times. The voucher

12

would provide her assistance to rent an apartment for up to $2,696.00 per month. If Defendants accepted her voucher, she would be eligible to use the voucher at her current apartment.

56.     Ms. Colon has continued to try to make monthly rent payments despite being on a fixed income and having to choose between food and her rental obligations. This has been very stressful, especially since she has a Section 8 voucher that she may lose if it is not accepted soon.

57.     Ms. Colon has become increasingly frustrated, anxious, confused, and upset at the rejection of her Section 8 voucher. The uncertainty of her housing has caused her great emotional, mental, and physical distress.

58.     Ms. Colon is now behind on her rental payments. Defendants served her with a 14-day rent demand on December 22, 2022, threatening to commence a summary eviction proceeding if the arrears were not paid or she did not surrender the apartment on or before January 4, 2023.

59.     The rent demand alleged arrears totaling $2,505.42 for October 2022 ($621.36), November 2022 ($942.03), and December 2022 ($942.03).

60.     As a result of Defendants' discriminatory actions, Ms. Colon suffered a loss of her civil rights, as well as economic and emotional harm.

## FIRST CAUSE OF ACTION:
### FAIR HOUSING ACT

61.     Plaintiff repeats and realleges the foregoing paragraphs of her complaint as though fully set forth herein.

62.     Defendants Bradley Wolfset, Andrea Binder, Nalea Realty Corp., 2230 University Avenue LLC, and D.B.W. Property Associates, Inc (hereinafter Defendant owners) have unlawfully discriminated against Ms. Colon due to her disabilities. Defendant owners had no lawful basis to refuse to accept her Section 8 voucher but did so due to their perception that Ms.

Colon's disabilities would make her an undesirable voucher holder. This discrimination violated her rights under the Fair Housing Act, as amended, 42 U.S.C. § 3601 *et seq*.

63.     Defendant owners have indicated a preference for limiting the rental of dwellings on the basis of disability. By not accepting Ms. Colon's Section 8 voucher and presuming that she could not follow Section 8 requirements and/or would be an undesirable voucher holder due to her disabilities, Defendant owners have discriminated against Ms. Colon based on her disabilities in violation of 42 U.S.C. § 3604(f)(1)(A), (f)(2)(A). *See also* 42 U.S.C. § 3604(b)–(c).

## SECOND CAUSE OF ACTION:
### NEW YORK STATE HUMAN RIGHTS LAW: DISABILITY DISCRIMINATION

64.     Plaintiff repeats and realleges the foregoing paragraphs of her complaint as though fully set forth herein.

65.     Plaintiff is an aggrieved person, as defined in NYSHRL Section 297(9).

66.     Defendant owners' actions towards Plaintiff Colon as described above, constitute an unlawful discriminatory practice to refuse to rent or lease a housing accommodation, represent that a housing accommodation is not available for inspection, rental, or lease when in fact it is available, or to otherwise withhold a housing accommodation because of disabilities, in violation of NYSHRL Section 296(5)(a)(1)–(a)(2), (b)(1), (c)(1).

67.     Through their conduct as set forth above, Defendants willfully and intentionally disregarded Ms. Colon's rights.

68.     As a direct and proximate result of Defendant owners' unlawful conduct, Plaintiff has sustained damages alleged herein.

69.     Accordingly, under NYSHRL Sections 297(9) and (10), Plaintiff is entitled to compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION:
NEW YORK STATE HUMAN RIGHTS LAW: SOURCE OF INCOME DISCRIMINATION

70.     Plaintiff repeats and realleges the foregoing paragraphs of her complaint as though fully set forth herein.

71.     Plaintiff is an aggrieved person, as defined in NYSHRL Section 297(9).

72.     Defendant owners' actions towards Plaintiff Colon as described above, constitute an unlawful discriminatory practice to refuse to rent or lease a housing accommodation, represent that a housing accommodation is not available for inspection, rental, or lease when in fact it is available, or to otherwise withhold a housing accommodation because of lawful source of income, namely NYCHA Section 8, in violation of NYSHRL Section 296(5)(a)(1).

73.     Defendant owners' actions towards Plaintiff Colon, as described above, constitute an unlawful practice to discriminate in the terms, conditions, or privileges of the rental or lease of a housing accommodation because of a lawful source of income, namely NYCHA Section 8, in violation of NYSHRL Section 296(5)(a)(2).

74.     Defendant owners' actions towards Plaintiff, as described above, constitute an unlawful discriminatory practice to refuse to rent or lease any housing accommodation, represent that any housing accommodation is not available for inspection, rental, or lease when in fact it is available, to refuse to negotiate for the rental or lease of any housing accommodation, or to otherwise withhold a housing accommodation because of lawful source of income, namely NYCHA Section 8, in violation of NYSHRL Section 296(5)(c)(1).

75.     Through their conduct as set forth above, Defendant owners willfully and intentionally disregarded the rights of others.

76.     As a direct and proximate result of Defendant owners unlawful conduct, Plaintiff has sustained damages alleged herein.

15

77. Accordingly, under NYSHRL Sections 297(9) and (10), Plaintiff is entitled to compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION:
### NEW YORK CITY HUMAN RIGHTS LAW: DISABILITY DISCRIMINATION

79. Plaintiff repeats and realleges the foregoing paragraphs of her complaint as though fully set forth herein.

80. Plaintiff is an aggrieved person, as defined in NYCHRL Section 8-502(h).

81. Defendant owners' conduct as described above constitutes an unlawful discriminatory practice to refuse to negotiate, rent or lease or approve the rental or lease of a housing accommodation, to represent that a housing accommodation is not available for inspection, rental, or lease when in fact it is available, or to otherwise deny or withhold a housing accommodation because of a person's disabilities, in violation of NYCHRL Section 8-107(5)(a)(1)(a)–(c)(1).

82. Defendant owners' conduct, as set forth above, constitutes aiding or abetting the doing of acts forbidden by the NYCHRL in violation of NYCHRL Section 8-107(6).

83. Defendant owners are liable for the unlawful discriminatory practices of agents and/or employees, according to NYCHRL Section 8-107(13).

79. Defendant owners as a real estate broker, real estate salesperson or employee or agent, discriminated against Plaintiff by failing to reasonably accommodate her disability by refusing to cooperate in her Section 8 process and insisted she finds other housing accommodations violate § 8-107(15) of the N.Y.C. Admin. Code.

80. Through their conduct as set forth above, Defendant owners willfully and intentionally disregarded Ms. Colon's rights.

81.     As a direct and proximate result of Defendant owners' unlawful conduct, Plaintiff has sustained damages alleged herein.

82.     Accordingly, under NYCHRL Sections 8-502(a) and (g), Plaintiff is entitled to compensatory damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs. Defendant owners are jointly and severally liable to Plaintiff under C.P.L.R. Section 1601.

## FIFTH CAUSE OF ACTION:
### NEW YORK CITY HUMAN RIGHTS LAW: SOURCE OF INCOME DISCRIMINATION

83.      Plaintiff repeats and realleges the foregoing paragraphs of her complaint as though fully set forth herein.

84.     Plaintiff is an aggrieved person, as defined in NYCHRL Section 8-502(h).

85.     Defendant owners' conduct as described above constitutes an unlawful discriminatory practice to refuse to negotiate,  rent or lease or approve the rental or lease of a housing accommodation, to represent that a housing accommodation is not available for inspection, rental, or lease when in fact it is available, or to otherwise deny or withhold a housing accommodation because of lawful source of income, namely NYCHA Section 8, in violation of NYCHRL Section 8-107(5)(a)(1)(a)–(c)(1).

### JURY DEMAND

86.     Plaintiff demands a trial by jury on all issues pursuant to the Seventh Amendment to the U.S. Constitution and Rule 28 Federal Rules of Civil Procedure.

### REQUEST FOR RELIEF

**WHEREFORE**, Angela Colon requests judgment as follows:

1.      That the Court declares that Defendant owners' actions, oral, and written statements, as described herein, violate FHA Sections 42 U.S.C. § 3604(a)–(c), 42 U.S.C. § 3604(f)(1)–(2).

2.      That the Court declares that Defendant owners' actions, oral, and written statements, as described herein, violate NYSHRL Sections 296(5)(a)(1)–(3), (5)(b)(1)–(3), (5)(c)(1)–(2), and 296(6);

3.      That the Court declares that Defendant owners' actions, oral, and written statements, as described herein, violate NYCHRL Sections 8-107(5)(a)(1), 8-107(5)(a)(2), 8-107(5)(c)(1), 8-107(5)(c)(2) and 8-107(6);

4.      That the Court order the Defendants to take all steps necessary to accept Plaintiff's Section 8 voucher;

5.      That the Court enjoin the Defendants, their agents, employees and successors, and all other persons acting in concert or participation with them from:

     a.      Denying or withholding a housing accommodation, or otherwise making a housing accommodation unavailable on the basis of any lawful source of income;

     b.      Representing to any person that a housing accommodation is not available for inspection, rental, or lease because of that person's lawful source of income when such housing accommodation is in fact so available;

     c.      Declaring, printing, or circulating, or causing to be declared, printed, or circulated, any statement, advertisement, or publication, with respect to the rental or lease of a housing accommodation which expresses, directly or

indirectly, any limitation, specification or discrimination on the basis of a

person's lawful source of income;

    d.    Aiding or abetting the doing of any acts forbidden by the FHA, NYCHRL,

or NYSHRL;

6.    That the Court award Plaintiff compensatory damages in an amount to be determined at trial;

7.    That the Court award Plaintiff punitive damages in an amount to be determined at trial;

8.    That the Court award Plaintiff reasonable attorney's fees and costs; and

9.    That the Court award such other and further relief as this Court deems just and proper.


Dated: January 4, 2023
       Bronx, New York

                      Respectfully submitted,


                      By: _____
                      Bronx Legal Services
                      By: Cheryl Mitchell
                      Bar Number: 5880901
                      cmitchell@lsnyc.org
                      349 East 149th Street, 10th FL
                      Bronx, NY 10451
                      718-233-6448
                      Attorneys for Plaintiff Angela Colon